IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VIJAYINDRAA GAUTAM GAIKWAD, | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 26-625-CFC-SRF |
| TECH MAHINDRA AMERICAS INC. and RICHARD LOBO, | ) | |
| Defendants. | ) | |

**ORDER**

Pending before me are Plaintiff's objections (D.I. 14) to the Magistrate Judge's Report and Recommendation issued on August 4, 2026 (D.I. 13). The Magistrate Judge recommended in her Report and Recommendation that I issue a service order for Plaintiff's Title VII employment discrimination claim against Tech Mahindra, dismiss Plaintiff's retaliation claim against Tech Mahindra Americas Inc. (Tech Mahindra) without prejudice, dismiss any state law tort claims alleged in the Amended Complaint against Defendant Richard Lobo without prejudice, dismiss all other claims in the Amended Complaint with prejudice, deny Plaintiff's emergency motion for a preliminary injunction (D.l. 9), and terminate as moot Plaintiff's motion to expedite issuance of a service order (D.l. 12).

The Magistrate Judge had the authority to make her findings and recommendation under 28 U.S.C. § 636(b)(1)(B). I review her findings and recommendation de novo. § 636(b)(1); see also Fed. R. Civ. P. 72(b)(3); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011).

Plaintiff's first (and what he calls his "most critical" and "foundational") objection is that the Report and Recommendation "states that 'Plaintiff resigned from Tech Mahindra on February 27, 2026.'" D.I. 14 at 3. Plaintiff, however, explicitly alleged in the Amended Complaint that he "resigned from Tech Mahindra on February 27, 2026," D.I. 7 at 4, and the Magistrate Judge was required under the law to accept this allegation as true for screening purposes.

Plaintiff's second objection is that the Magistrate Judge erred in dismissing his retaliation claim against Tech Mahindra without prejudice. But I agree with the Magistrate Judge's determination that the Amended Complaint does not plausibly allege a retaliation claim.

Plaintiff's third objection is that dismissal of his remaining claims is "too harsh" and that he should be given leave to amend those claims. D.I. 13 at 8–10. Specifically, Plaintiff argues that three "dismissed claims could be successfully re-pleaded and are not futile upon amendment." D.I. 14 at 9. None of the three

"claims" he identifies, however, were alleged in the Amended Complaint and thus no such claims were "dismissed."

Plaintiff's final objection concerns the Magistrate Judge's recommendation that I deny Plaintiff's emergency motion for a preliminary injunction. Plaintiff argues that I should reject this recommendation because it "was premised in part on the erroneous determination that Plaintiff had voluntarily resigned." D.I. 14 at 10–11. As noted above, however, Plaintiff himself alleged in the Amended Complaint that he resigned and thus there was no error on the Magistrate Judge's part.

NOW THEREFORE, at Wilmington on this Third Day of November in 2026, it is HEREBY ORDERED that:

1. Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (D.I. 14) are OVERRULED;
2. The recommendations in the Report and Recommendation (D.I. 13) and the thoughtful analysis employed by the Magistrate Judge to reach those recommendations are ADOPTED;
3. A service order for Plaintiff's Title VII employment discrimination claim against Tech Mahindra SHALL ISSUE;

4. Plaintiff's retaliation claim against Tech Mahindra is DISMISSED WITHOUT PREJUDICE;
5. Plaintiff's state law tort claims against Defendant Lobo are DISMISSED WITHOUT PREJUDICE;
6. All other claims in the Amended Complaint are DISMISSED WITH PREJUDICE;
7. Plaintiff's emergency motion for a preliminary injunction (D.I. 9) is DENIED;
8. Plaintiff's motion to expedite issuance of a service order (D.I. 12) is DENIED AS MOOT.
9. Plaintiff shall have until November 30, 2026 to file a Second Amended Complaint.

Chief Judge